# EXHIBIT 18



**UNITED STATES DEPARTMENT OF COMMERCE**
**Deputy Assistant Secretary for Intelligence and Security**
**Office of Intelligence and Security**
Washington, D.C. 20230

**VIA ELECTRONIC MAIL**

September 3, 2020

John E. Hall
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
jhall@cov.com

Counsel for ByteDance Ltd. and TikTok Inc.

      RE:    Administrative Subpoena

Dear Mr. Hall:

      Pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1702, Executive Order 13873 (84 FR 22689, May 15, 2019) ("Securing the Information and Communications Technology and Services Supply Chain"), and Executive Order 13942 (85 FR 48637, August 6, 2020) ("Addressing the Threat Posed by TikTok, and Taking Additional Steps To Address the National Emergency With Respect to the Information and Communications Technology and Services Supply Chain"), ByteDance Ltd. and any partners, subsidiaries, and/or affiliates thereof, including TikTok Inc., (collectively, "ByteDance") is directed to provide the U.S. Department of Commerce (the "Department") with the records requested in the attached Administrative Subpoena.

      Any questions related to the issuance of this subpoena should be directed to Ms. Deborah A. Curtis, Chief Counsel for Industry and Security, who is the Department's primary point of contact for purposes of this subpoena. Ms. Curtis can be reached by phone at ██████████ or by e-mail at ██████████. The Department's alternate point of contact for purposes of this subpoena is Mr. Opher Shweiki. Mr. Shweiki can be reached by phone at ██████████ or by e-mail at ██████████.

      Please note that the Department welcomes a discussion regarding the production of the identified records, including the possibility of a scheduled prioritization of such production.

                     Sincerely,

                     JOHN COSTELLO   Digitally signed by JOHN COSTELLO
                                        Date: 2020.09.03 17:34:32 -04'00'

                     John K. Costello
                     Deputy Assistant Secretary
                     for Intelligence and Security
                     U.S. Department of Commerce

Enclosures

**UNITED STATES DEPARTMENT OF COMMERCE**
**Deputy Assistant Secretary for Intelligence and Security**
**Office of Intelligence and Security**
Washington, D.C. 20230

# ADMINISTRATIVE SUBPOENA

VIA ELECTRONIC MAIL

September 3, 2020

John E. Hall
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
jhall@cov.com

Counsel for ByteDance Ltd. and TikTok Inc.

Dear Mr. Hall:

Pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1702, Executive Order 13873 (84 FR 22689, May 15, 2019) ("Securing the Information and Communications Technology and Services Supply Chain"), and Executive Order 13942 (85 FR 48637, August 6, 2020) ("Addressing the Threat Posed by TikTok, and Taking Additional Steps To Address the National Emergency With Respect to the Information and Communications Technology and Services Supply Chain"), ByteDance Ltd. and any partners, subsidiaries, and/or affiliates thereof, including TikTok Inc., (collectively, "ByteDance") is directed to provide the U.S. Department of Commerce (the "Department") with the records identified in the attached Addendum and its associated Rider defining terms.

Failure to respond to this Administrative Subpoena may result in the imposition of civil monetary penalties by the Department. Further, under 18 U.S.C. § 1001, knowingly and willfully falsifying or concealing a material fact in your response to this Administrative Subpoena may result in criminal fines, imprisonment, or both.

Due to the public health national emergency declared by the President on March 13, 2020, this correspondence is only being delivered in electronic format and therefore should be treated as official correspondence from the Department.

Please provide the information set forth above in writing, either in hardcopy or electronic format, and send it no later than 7 calendar days from the date of this Administrative Subpoena.

Address your response as follows:



**UNITED STATES DEPARTMENT OF COMMERCE**
**Deputy Assistant Secretary for Intelligence and Security**
**Office of Intelligence and Security**
Washington, D.C. 20230

Attn: Deborah A. Curtis
Chief Counsel for Industry and Security
U.S. Dept. of Commerce
1401 Constitution Ave. NW
Washington, D.C. 20230
███████████████

Attn: Opher Shweiki
Chief, Enforcement and Litigation Division
Office of Chief Counsel
Bureau of Industry and Security
U.S. Dept. of Commerce
1401 Constitution Ave. NW
Washington, D.C. 20230
███████████████

The primary point of contact for purposes of this administrative subpoena is Deborah A. Curtis, and the alternate point of contact is Opher Shweiki. If you have any questions, please reach Ms. Curtis at ███████████ or ████████████, or Mr. Shweiki at ███████████ or ███████████

Issued on behalf of the Secretary of the Department of Commerce:

JOHN COSTELLO    Digitally signed by
                JOHN COSTELLO
                Date: 2020.09.03
                17:33:29 -04'00'

John K. Costello
Deputy Assistant Secretary
for Intelligence and Security
U.S. Department of Commerce

Attachments: Addendum – Requests for Records
             Rider – Definitions

## ADDENDUM TO ADMINISTRATIVE SUBPOENA

### REQUESTS FOR RECORDS

1. Records related to ByteDance's present ownership or operation of any data centers in the United States ("U.S. data centers"), including:

    a. Records reflecting the locations of the U.S. data centers;

    b. Records reflecting that data from the TikTok application is stored or managed in or on the U.S. data centers;

    c. Records reflecting what analytics are conducted on TikTok data, including user data (messages, locational data, demographic data or other identifiable information for TikTok users) by U.S. data centers; and

    d. Records that data related to the TikTok application is transmitted by or through the U.S. data centers.

2. Records related to ByteDance's present lease of data hosting, cloud/storage services, or managed services within the United States ("U.S. leases"), including:

    a. Records of the parties to the U.S. leases;

    b. Records reflecting the locations of the services that are the subject of the U.S. leases;

    c. Records reflecting whether TikTok user data is stored or managed as part of the U.S. leases;

    d. Records reflecting the analytics conducted on TikTok user data by parties to the U.S. leases; and

    e. Records reflecting that data related to the TikTok application is transmitted by parties to the U.S. leases.

3. Records related to data centers or servers located outside of the United States that, at present, store or manage TikTok user data from TikTok mobile application users located in the United States, including:

    a. Records reflecting the locations of the servers or data centers;

    b. Records reflecting that data from the TikTok application is stored or managed in or on the servers or data centers; and

    c. Records reflecting what analytics are conducted on TikTok data, including user data (messages, locational data, demographic data or other identifiable information for TikTok users) by these servers or data centers;

4. Records reflecting the primary domain names or Internet Protocol (IP) addresses presently used by TikTok clients for users in the United States.

5. Records reflecting ByteDance country locations for all present ByteDance authoritative name servers.

6. Records reflecting all present TikTok registered domain names from U.S.-based registries or registrars, including the identities of such registries or registrars.

## ADDENDUM TO ADMINISTRATIVE SUBPOENA

### REQUESTS FOR RECORDS

7. Records of all ongoing ByteDance contracts with third-party U.S. software developers located in the United States for the TikTok application, including the identities and locations of such software developers.

8. Records of all companies or entities located in the United States that ByteDance presently allows, either implicitly or explicitly, to use the TikTok Application Programming Interface (API), including the identities and locations of such companies or entities.

9. Records of all ongoing data peering relationships between ByteDance and companies or entities within the United States, including:

   a. Records reflecting the identities of those companies or entities, their locations, and the nature of those relationships; and

   b. Records reflecting an accounting of all ByteDance data transit relationships with U.S. transit providers.

10. Records outlining all ongoing content distribution network provider arrangements maintained by ByteDance within the United States, including the identities of all U.S. companies or entities with such an arrangement, their locations, and the nature of those arrangements.

11. Records of all ongoing partnerships or agreements maintained by ByteDance with U.S. companies or entities involving the integration of TikTok functionality into other software, services, or platforms, including the identities and locations of such U.S. companies or entities with those agreements.

12. Records of all U.S. companies or entities with whom ByteDance presently maintains commercial partnerships or agreements, including:

   a. Records reflecting the nature of all commercial partnerships or agreements between ByteDance and U.S. companies or entities where analysis of data sourced or derived from the TikTok platform is used;

   b. Records reflecting the nature of all commercial partnerships or agreements related to artificial intelligence involving data sourced or derived from the TikTok application or TikTok user data; and

   c. Records reflecting the nature of all commercial partnerships or agreements for sharing data sourced or derived from the TikTok application.

13. Records listing all ongoing agreements or partnerships involving ByteDance to share or otherwise provide any user data to third-parties for data sourced or derived from the TikTok platform, including:

   a. Records listing all companies or entities with any such agreements with ByteDance, including their city, state, and country of location.

## ADDENDUM TO ADMINISTRATIVE SUBPOENA

### REQUESTS FOR RECORDS

14. Records listing all data from U.S.-based TikTok communications that is manually reviewed, including:

    a. Records of any instructions, guidelines, or memoranda explaining the decision-making process to automatically filter and review messages as opposed to manually review such data;

    b. Records listing all facilities presently maintained or engaged by ByteDance for manual review of TikTok data; and

    c. Records of the present staff and employment composition of such facilities that engage in or engaged in manual review of TikTok data for or on behalf of ByteDance.

15. Records identifying, outlining, or demonstrating the ongoing use of the TikTok platform for engagement in cross-device tracking, including any records articulating the technical means implemented for the engagement of cross-device tracking on the TikTok platform.

16. Records outlining whether ByteDance, including any of its contractors or subsidiaries, conducted a formal Privacy Impact Assessment for TikTok or any of its functionalities, including all records, drafts, and distribution lists for all such Privacy Impact Assessments.

17. Records related to any ongoing partnership or agreements between ByteDance and U.S. companies or other entities in the United States to develop or enable encryption or decryption capabilities for the TikTok application, to include the identities of those U.S. companies or entities.

18. Records related to ByteDance's employees and third-party contractors of ByteDance located in the United States, who are presently employed or contracted to develop, maintain, or otherwise support the TikTok application, to include records reflecting the details of these arrangements, the number of personnel, their responsibilities, and the cities and states of their locations.

3

# RIDER TO ADMINISTRATIVE SUBPOENA

## Definitions

"**ByteDance**" shall mean ByteDance Ltd. and any partners, subsidiaries, and/or affiliates thereof, including TikTok Inc., (collectively "ByteDance").

"**Records**" shall mean any document, writing, graphic matter or other tangible thing, whether printed, recorded, produced by any process, or written or produced by hand, including, without limitation, agreements, contracts, memoranda, letters, reports, other written communications, electronically stored information (as defined hereunder), correspondence (as defined hereunder), telegrams, internal and external memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, ledgers, work papers, photographs, tape recordings, applications, video tapes, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators, accountants or consultants, studies, appraisals, evaluations, or copies of any of the foregoing if the copy is in any way different from the original.

"**Electronically stored information**" or "**ESI**" means originals and all copies of electronic mail ("e-mail"); activity listings of electronic mail receipts and/or transmittals; voice-mail; audio or video recordings of any kind; facsimiles; computer programs (whether private, commercial or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; and electronic files and/or file fragments of any sort, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment.  ESI also includes the files, folder tabs, containers or labels appended to any storage device containing electronic data.  All ESI produced in response hereto should be produced in native format.  ESI, such as e-mails and word processing documents, shall be produced in native format with its original formatting and metadata intact.  If, and to the extent that ESI is maintained in a database or other proprietary software, production shall include documentation and software that will enable access to the ESI or database as such access would occur in the ordinary course of business.

"**Correspondence**" shall mean all inquiries, discussions, conversations, communications, negotiations, agreements, understandings, meetings, telephone calls, messages (voice, text, and chat), e-mails, letters, notes, telegrams, and all other forms of oral or written discourse.

The terms "**involving**", "**reflecting**" and "**related to**" mean having any connection, association, or concern with or any relevance, relation, pertinence, or applicability to or any implication bearing on, the subject matter, whether directly or indirectly.

The word "**and**" includes the disjunctive "**or**," and the word "**or**" includes the conjunctive "**and**".  Words in the singular shall be interpreted to include the plural and words in the plural shall be interpreted to include the singular.  The use of any tense of any verb shall be interpreted to include all other tenses.