## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIKTOK, INC., BYTEDANCE LTD., | Case No. 20-cv-2658 |
| Plaintiffs, | **MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE NETCHOICE** |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States; WILBUR L. ROSS, JR., in his official capacity as Secretary of Commerce; UNITED STATES DEPARTMENT OF COMMERCE, | |
| Defendants. | |

NetChoice respectfully submits this motion for leave to file the attached amicus brief in support of Plaintiffs TikTok, Inc. and ByteDance Ltd. A proposed order accompanies this motion.[1]

### STATEMENT OF INTEREST

NetChoice is a national trade association of e-commerce and online businesses who share the goal of promoting convenience, choice, and commerce on the Internet.  Its members range from some of the most prominent online businesses in the world to individual users of e-commerce services and include

---

[1] NetChoice informed both Plaintiff and Defendant of its intent to file this brief after receiving notice of the Government's brief in opposition to the motion for preliminary relief.  Plaintiffs consent to this filing.  The Government stated that it opposes this motion because it has already filed its brief.  NetChoice believes that given the discrete issues addressed in the attached brief, the Government should be able to provide any arguments in response at the hearing on this motion and NetChoice's request should be granted.

companies whose online platforms bring together users from around the globe.
NetChoice has an interest in expanding and zealously defending American free
enterprise and free expression from threats both foreign and domestic.   Its
participation in this case will provide the Court with a broader perspective on the
Government's actions, how it may affect the wider business community, and how it
could chill the First Amendment rights of NetChoice's members.

## STANDARD

District courts have "inherent authority" to grant participation by an amicus
curiae, which is derived from Federal Rule of Appellate Procedure 29. *Youming Jin
v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). In determining
whether to grant leave to participate as an amicus, this Court has "broad
discretion," *Nat'l Ass'n of Home Builders v. United States Army Corps of Eng'rs*, 519
F. Supp. 2d 89, 93 (D.D.C. 2007), and amicus status is generally allowed when "the
information offered is timely and useful." *Ellsworth Assocs. v. United States*, 917 F.
Supp. 841, 846 (D.D.C. 1996).

Specifically, this Court "normally allow[s]" an amicus brief "when the amicus
has unique information or perspective that can help the court beyond the help that
the lawyers for the parties are able to provide." *Youming Jin*, 557 F. Supp. 2d at
137 (*citing Ryan v. Commodity Futures Trading Comm'n*, 125 F. 3d 1062, 10564
(7th Cir. 1997)); *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (same). This
assistance to the court may take many forms, including "ideas, arguments, theories,
insights, facts or data that are not to be found in the parties' briefs." *See Northern*

*Mariana Islands v. United States*, 2009 U.S. Dist. LEXIS 125427, 3-4 (D.D.C. Mar. 6, 2009).

## ARGUMENT

NetChoice should be granted leave to file the accompanying brief.  Amicus provides a unique perspective representative of its membership of companies and individuals not before this Court, but whose actions and ability to do business will be greatly impacted by this Court's decision.  NetChoice is deeply concerned about Executive Order 13492 and the Department of Commerce's regulations implementing that Executive Order (together, "Government's Actions").

First, the Government's actions violate the First Amendment rights of U.S. businesses, developers, and users. Although no one doubts that national security is a significant governmental interest, the Government's prohibitions on hosting or using certain coding language, and its closure of an entire forum for 92 million Americans, are broader than necessary. And because less-restrictive means exist, these actions should not be implemented as is.

Second, because the Government's actions are unprecedented and extend beyond what is seemingly appropriate to meet national security needs, they risk collateral damage at home and abroad. By signaling a willingness to stretch Government discretion to its max—if not beyond—the Executive Order and regulations cast doubt on the United States' commitment to open markets and competition. And in doing so, the Government invites economic retaliation from foreign countries.

NetChoice's brief also provides ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.  NetChoice's brief presents a broader perspective on how the Court's ruling will affect the First Amendment rights of businesses that operate in the United States and globally.  NetChoice also provides insights as to how the Court's ruling will affect business interests for businesses that operate in other jurisdictions, such as the European Union not represented by the parties to this case.

## CONCLUSION

Amicus respectfully requests that the Court grant the motion and accept the attached brief.


September 26, 2020                         By:     /s/Jacob Sommer
                                          Jacob A. Sommer
                                          Marc J. Zwillinger
                                          ZWILLGEN PLLC
                                          1900 M St. NW, Suite 250
                                          Washington, DC 20036
                                          Phone: (202) 296-3585
                                          Facsimile: (202) 706-5298
                                          marc@zwillgen.com
                                          jake@zwillgen.com

                                          *Attorneys for Amicus NetChoice*