IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIKTOK, INC.**, *et al.*, <br><br>   Plaintiffs, <br><br>   v. <br><br> **DONALD J. TRUMP, in his official. capacity as President of the United States**, *et al.*, <br><br>   Defendants. | No. 1:20-cv-2658 (CJN) |

### REQUEST OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR A PUBLIC DIAL-IN FOR THE SEPTEMBER 27, 2020 HEARING ON PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

The Reporters Committee for Freedom of the Press (the "Reporters Committee") respectfully requests that the Court provide a public dial-in number or other means for members of the press and the public to contemporaneously listen to the telephonic hearing on Plaintiffs' Application for a Preliminary Injunction in the above-captioned matter, which is scheduled for tomorrow, September 27, 2020, at 9:30am (the "Preliminary Injunction Hearing").

Undersigned counsel for the Reporters Committee contacted counsel for Plaintiffs and Defendants via email on September 26, 2020 to ascertain the parties' position(s) on this request. Counsel for Defendants stated their position as follows: "The Government does not oppose providing a public means of access for addressing the unsealed matters in this case, but defers to the Court on whether that is logistically feasible in these emergency proceedings." Plaintiffs' counsel did not respond prior to the filing of this request.

1

Plaintiffs' challenge to the legality of the government's attempt to ban TikTok—a popular mobile video app with a reported 100 million active users in the United States[1]—is a matter of intense public interest and concern. Journalists and news organizations reported extensively on President Donald J. Trump's August 6, 2020 executive order "Addressing the Threat Posed by TikTok,"[2] and have covered this lawsuit since it was filed on September 18, 2020.[3] Members of the press—and the public—have a strong interest in listening, in real time, to the parties' arguments, as well as any rulings issued or other actions taken by the Court at tomorrow's Preliminary Injunction Hearing.

There is a "strong presumption in favor of public access to judicial proceedings" in civil cases. *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). It does not appear from the public docket that any party has sought sealing or closure of the Preliminary Injunction Hearing, or proffered any reasons therefore. Nor does it appear that the

---

[1] Alex Sherman, *TikTok reveals detailed user numbers for the first time*, CNBC (Aug. 24, 2020), https://www.cnbc.com/2020/08/24/tiktok-reveals-us-global-user-growth-numbers-for-first-time.html.

[2] *See, e.g.*, Rachel Lerman, *Trump issues executive orders against TikTok and WeChat, citing national security concerns*, Wash. Post (Aug. 7, 2020), https://www.washingtonpost.com/technology/2020/08/06/trump-tiktok-executive-order/; Matt O'Brien, *TikTok and its employees prepare to fight Trump over app ban*, Associated Press (Aug. 13, 2020), https://apnews.com/article/technology-lawsuits-politics-business-national-security-c0cb5a454a5bc8bb9719ffaf6364e026.

[3] *See, e.g.*, Bobby Allyn, *TikTok: Even a Temporary Ban Could Make 90% Of Users Quit The App*, National Public Radio (Sept. 23, 2020), https://www.npr.org/2020/09/23/916206862/tiktok-even-a-temporary-ban-could-make-90-of-users-quit-the-app; Mike Isaac, *TikTok Files for Injunction to Stop Ban of App*, N.Y. Times (Sept. 23, 2020), https://www.nytimes.com/2020/09/23/technology/tiktok-injunction-ban-app.html.

Court has made findings of a countervailing or compelling interest that would necessitate sealing or closure of the Preliminary Injunction Hearing, in whole or in part.[4]

Accordingly, and especially in light of the strong public interest in this matter, the Reporters Committee respectfully requests that the Court provide a public dial-in number, or other means for contemporaneous, remote public access, for tomorrow's telephonic Preliminary Injunction Hearing. The Reporters Committee further requests that such information be posted on the Court's public docket in the above-captioned matter.

Dated: September 26, 2020                                       Respectfully Submitted,

*/s/ Katie Townsend*
Katie Townsend, DC Bar No. 1026115
THE REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
Email: ktownsend@rcfp.org

*Counsel for the Reporters Committee for Freedom of the Press*

---

[4] On September 25, 2020, the government filed a Motion for Leave to File Under Seal its Opposition to Plaintiffs' Motion for a Preliminary Injunction, ECF. No. 20, which was granted by the Court. That motion did not seek closure or sealing of the Preliminary Injunction Hearing. Moreover, later that same day, the government filed on the public docket a redacted version of its opposition, including exhibits. ECF No. 22. As a result of that filing, the vast majority of the government's opposition, including exhibits, is now public. Plaintiffs' Motion for a Preliminary Injunction, including exhibits, is entirely public. *See* ECF No. 15.

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing **REQUEST OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR A PUBLIC DIAL-IN FOR THE SEPTEMBER 27, 2020 HEARING ON PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION** was filed with the Clerk of Court using the CM/ECF system, and electronically served on counsel of record for all parties via the CM/ECF system.

Dated:  September 26, 2020.

                                            */s Katie Townsend*
                                              Katie Townsend