IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIKTOK INC., BYTEDANCE LTD | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 20-cv-2658(CJN) |
| DONALD J. TRUMP, in his official capacity as President of the United States | ) |
| WILBUR L. ROSS JR. In his official capacity as Secretary of Commerce | ) |
| Defendants | ) |

## UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFFS

Pursuant to LCvR 7(o)(4), the undersigned hereby seeks leave to file the attached Brief of Amicus Curiae in support of Plaintiffs. Amicus has conferred with both Plaintiffs and Defendants' counsel as to their position on this motion. Defendants' counsel advised that Defendant does not oppose this motion. Plaintiffs' counsel stated that Plaintiffs do not oppose this motion, provided that the amicus brief is timely filed and complies with all applicable rules.

STATEMENT OF INTEREST

Amicus is an attorney licensed to practice in Florida, Connecticut, as well as the District of Columbia, and is a member of the Bar of the United States District Court for the District of Columbia, as well as the United States Court of Appeals for the D.C. Circuit. Amicus uses TikTok content as a source of information for the purpose of forming opinions on matters such

as the BlackLivesMatter movement, the government's handling of the Covid-19 pandemic, climate change, as well as evaluating public officials and candidates for public office. Amicus also uses TikTok for the purpose of disseminating messages concerning matters of political concern. For example, on September 9, 2020, Amicus posted a video on TikTok urging users to protest against the President's Executive Order dated August 6, 2020.

ARGUMENT

The courts have "*broad discretion*" in determining whether to allow a party to participate as *amicus curiae*. *See Nat'l Ass'n of Home Builders v. United States Army Corps of Engineers,* 519 F.Supp.2d 89, 93 (D.D.C.2007). The filing of an amicus brief should be permitted if it will assist the judge "*by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.*" *Commonwealth of the N. Mariana Islands v. United States*, No. CIVA 08-1572 PLF, 2009 WL 596986 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Illinois Bell Telephone Co.,* 339 F.3d 542, 545 (7th Cir.2003)).

In the instant case, Amicus seeks to participate in his capacity as a user of the TikTok platform. The First Amendment rights of Amicus and other users of TikTok are no less at stake in this litigation than are the rights of Plaintiffs themselves. Indeed, courts have often held that recipients of information have standing to challenge restrictions imposed on speakers. *See Am. Civil Liberties Union v. Holder*, 673 F.3d 245, 255 (4th Cir. 2011) (First Amendment provides "*standing to persons who are willing listeners to a willing speaker who, but for the restriction, would convey information*"); *Competitive Enter. Inst. v. U.S. Dep't of Transp.*, 856 F.2d 1563, 1566 (D.C. Cir. 1988) ("*It is well established that petitioners, as listeners, can suffer injury from government regulations that prevent speakers from saying what the listeners wish to hear.*").

Amicus relies upon TikTok for purposes of both disseminating and receiving information on matters of significant public interest.  A shutdown or significant reduction in the functionality of TikTok would curtail access of Amicus and other TikTok users to core political speech uniquely available on TikTok, including information used to form opinions about public issues of exceptional importance. As noted in *Connick v. Myers*, 461 U.S. 138, 145, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), *"[S]peech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection*."

Amicus offers a unique perspective which cannot be fully provided by the Plaintiffs. The users of the TikTok application are direct participants in a lively debate, whereas TikTok itself functions more as a host to the debate. Unlike Amicus, TikTok does not use its own application for the purpose of evaluating candidates for public office, making informed voting decisions, or forming opinions on important matters such as climate change and BlackLivesMatter. Therefore, the attached Amicus brief presents "*ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.*" *Voices for Choices,* 339 F.3d at 545.

There are approximately 100 million users of TikTok in the United States. *TikTok Inc., et al v. Donald J. Trump, President of the United States, et. al.,*  No. 1:20-CV-02658 (CJN), 2020 WL 5763634 (D.D.C. Sept. 27, 2020) at *2.  Amicus respectfully requests that the Court take into account the interests of users of TikTok in rendering a final disposition.

Finally, the legal arguments contained in the attached brief have direct bearing on the First Amendment claims of TikTok, as well as the First Amendment rights of TikTok users. Amicus believes that the attached brief will therefore assist the Court in obtaining a more fulsome understanding of the legal issues before it.

CONCLUSION

For the foregoing reasons, Amicus respectfully requests that the Court grant the motion and accept the attached brief.

> Respectfully Submitted,
>
> /s/ Jeffrey A. Lovitky
>
> _____
> JEFFREY A. LOVITKY
> Attorney at Law
> 1776 K Street, N.W., Ste. 800
> Washington, D.C. 20006
> Telephone: (202) 429-3393
> Email: jefflovitky@gmail.com