IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIKTOK INC., et al.,<br><br>   *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>   *Defendants*. | Case No. 20-cv-02658 (CJN) |

**PLAINTIFFS' RENEWED MOTION FOR A PRELIMINARY INJUNCTION AGAINST COMMERCE DEPARTMENT PROHIBITIONS 2-5**

Plaintiffs TikTok, Inc. and ByteDance Ltd. (collectively "Plaintiffs"), by and through their undersigned counsel, hereby move this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65.1, for a preliminary injunction against Defendants Donald J. Trump, in his official capacity as President of the United States; Wilbur L. Ross, Jr., in his official capacity as Secretary of Commerce; and the U.S. Department of Commerce.

For the reasons set forth in the accompanying Memorandum in Support, the declarations attached hereto, and the declarations and exhibits attached to Plaintiffs' previous motion for preliminary injunction (ECF No. 15), Plaintiffs are entitled to preliminary injunctive relief enjoining the implementation or enforcement of Prohibitions 2–5 on the list of prohibited transactions published in the Federal Register on September 24, 2020. *See Identification of Prohibited Transactions to Implement Executive Order 13942 and Address the Threat Posed by TikTok and the National Emergency with Respect to the Information and Communications Technology and Services Supply Chain*, 85 Fed. Reg. 60061–63 (Sept. 24, 2020).

Like the first Prohibition that this Court enjoined on September 27, 2020, Plaintiffs are likely to succeed on their claim that Prohibitions 2–5 violate the International Emergency Economics Powers Act, 50 U.S.C. §§ 1701–1706. Plaintiffs also are likely to succeed on their claims that the Prohibitions violate the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, the First and Fifth Amendments to the U.S. Constitution, and constitute *ultra vires* executive action. In the absence of preliminary injunctive relief, Prohibitions 2–5 will cause Plaintiffs irreparable harm, and the equities and public interest weigh in Plaintiffs' favor. Accordingly, Plaintiffs are entitled to relief. A proposed Order accompanies the motion.

DATED: October 14, 2020

Respectfully submitted,

   /s/ John E. Hall

Anders Linderot*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Telephone: +1 (212) 841-1000
Facsimile: + 1 (212) 841-1010
Email: alinderot@cov.com

Mitchell A. Kamin*
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email: mkamin@cov.com

John E. Hall (D.C. Bar. No. 415364)
Beth S. Brinkmann (D.C. Bar. No. 477771)
Alexander A. Berengaut (D.C. Bar. No. 989222)
Megan A. Crowley (D.C. Bar. No. 1049027)
Megan C. Keenan (D.C. Bar. No. 1672508)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: +1 (202) 662-6000
Facsimile: + 1 (202) 778-6000
Email: jhall@cov.com
      bbrinkmann@cov.com
      aberengaut@cov.com
      mcrowley@cov.com
      mkeenan@cov.com

*Pro Hac Vice*

*Attorneys for Plaintiffs*