# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIKTOK INC., et al., *Plaintiffs*, v. DONALD J. TRUMP, in his official capacity as President of the United States, et al., *Defendants*. | Case No. 20-cv-02658 (CJN) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS'
RENEWED MOTION FOR PRELIMINARY INJUNCTION
AGAINST COMMERCE DEPARTMENT PROHIBITIONS 2-5**

The Court should grant Plaintiffs' renewed motion for a preliminary injunction (ECF No. 43) notwithstanding the Eastern District of Pennsylvania's nationwide preliminary injunction enjoining the Remaining Prohibitions. *See Marland v. Trump*, No. CV 20-4597, 2020 WL 6381397, at *14 (E.D. Pa. Oct. 30, 2020). As the Court previously concluded, Plaintiffs face irreparable harm from the Prohibitions and the prospect that they will go into effect. *See* ECF No. 30 at 15-16. Plaintiffs continue to face this risk of harm because the *Marland* preliminary injunction, which was issued in a case involving distinct plaintiffs and claims, could be lifted at any time. Under these circumstances, courts "routinely grant follow-on injunctions." *Whitman-Walker Clinic v. HHS*, --- F. Supp. 3d ----, No. CV 20-1630 (JEB), 2020 WL 5232076, at *41 (D.D.C. Sept. 2, 2020); *see also Nw. Immigrant Rights Project v. USCIS*, No. CV 19-3283 (RDM), 2020 WL 5995206, at *31 (D.D.C. Oct. 8, 2020).[1]

First, the *Marland* preliminary injunction does not remove the likelihood of irreparable harm because the users of TikTok who are plaintiffs in *Marland* are differently situated, alleged different harms, and brought different claims under the law of a different circuit. In such cases, a follow-on injunction is warranted because "the Court cannot conclude that a stay or decision on the merits from the [Third] Circuit (or the Supreme Court) would resolve this case." *Nw. Immigrant Rights*, 2020 WL 5995206, at *31. Moreover, if the Court adopted the government's position "that an order granting a nationwide, preliminary injunction in one district [is] sufficient

---

[1] *See also California v. HHS*, 390 F. Supp. 3d 1061, 1065–66 (N.D. Cal. 2019) ("Accordingly, because of the routine basis upon which federal courts grant parallel injunctions and the immediacy of the harm were the nationwide injunction to be lifted, the Court finds that these arguments do not preclude granting a preliminary injunction."); *Cook Cty. v. McAleenan*, 417 F. Supp. 3d 1008, 1030 (N.D. Ill. 2019) (granting preliminary injunction because "[n]either the parties nor this court have any power over or knowledge of whether and, if so, when those two [earlier] preliminary injunctions will be lifted or modified"); *Mayor & City Council of Balt. v. Azar*, 392 F. Supp. 3d 602, 618–19 (D. Md. 2019) (ordering "overlapping" injunction even though nationwide injunction had been issued in earlier case, and rejecting argument that there was no irreparable harm); *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401, 435 (E.D.N.Y. 2018) (same).

to shut down all other, similar litigation, the resolution of important questions would be left to a single district court and to a single circuit, losing the benefit of the 'airing of competing views' on difficult issues of national importance." *Id.* (quoting *DHS v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring in the grant of stay)). Indeed, the court in *Marland* issued a preliminary injunction based on the explicit assumption that its "decision is unlikely to prematurely stifle litigation in these forums which have before them factually distinct, albeit contextually related, cases," including this one. 2020 WL 6381397, at *14.

Second, the *Marland* preliminary injunction is, by definition, temporary. It may be lifted at any moment, or vacated on appeal, leaving TikTok's entire business in jeopardy. "Even a temporary lag between the lifting of that injunction … and entry of an injunction by this Court would likely entail some irreparable harm to Plaintiffs." *Whitman-Walker Clinic*, 2020 WL 5232076, at *41 (quotations and alteration omitted); *see also California*, 390 F. Supp. 3d at 1066 ("Were [Plaintiff] to no longer be covered by the [earlier] injunction, it could sustain irreparable harm immediately, before the Court could decide the merits of its claims."). Defendants have "not committed to stand down in the parallel litigation, leaving the prospect that the injunction in that case could be stayed or set aside by the [Third] Circuit (or the Supreme Court)." *Nw. Immigrant Rights*, 2020 WL 5995206, at *31; *see California*, 390 F. Supp. 3d at 1066 (Plaintiffs' "injury is sufficiently imminent because though the [regulations] are currently enjoined, the Third Circuit could alter the injunction at any moment."). This "injury, although contingent on the nationwide injunction in [*Marland*] being dissolved, is not speculative." *California*, 390 F. Supp. 3d at 1066. Courts routinely find likely irreparable harm even where it is contingent on a future event over which the plaintiff has no control. *See, e.g.*, *League of Women Voters v. Newby*, 838 F.3d 1, 8-9 (D.C. Cir. 2016) (finding irreparable harm where it was unclear whether challenged

statute was being enforced because "a preliminary injunction requires only a likelihood of irreparable injury, [so] Damocles's sword does not have to actually fall on all [plaintiffs] before the court will issue an injunction."); *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1023 (9th Cir. 2016) (granting preliminary relief to preserve the status quo where defendants could terminate an agreement with 60 days' notice, which would result in the plaintiffs suffering "irreparable harm before a trial on the merits could be held."). If the *Marland* injunction is lifted any time after November 12, 2020, and there is not a preliminary injunction from this Court, the Remaining Prohibitions would require TikTok to shut down, which would destroy TikTok's user base and deprive TikTok of its First Amendment rights, while it seeks relief from this Court.

Plaintiffs are aware of cases taking a different approach and deciding instead to temporarily stay resolution of a pending motion for a preliminary injunction pending the outcome of appeals of earlier, overlapping injunctions. *See, e.g.*, *Pars Equality Center v. Trump*, No. 17-cv-0255 (TSC), ECF No. 84, at *2 (D.D.C. May 11, 2017); *Washington v. Trump*, No. 17-0141, 2017 WL 4857088, at *5-7 (W.D. Wash. Oct. 27, 2017).[2] But more recent decisions in this district have declined to follow those cases and issued injunctions where, as here, "the relevant out-of-circuit injunction could be stayed, modified, or otherwise vacated at any time." *Whitman-Walker Clinic*, 2020 WL 5232076, at *41; *see Nw. Immigrant Rights*, 2020 WL 5995206, at *31.

The Court should accordingly decide Plaintiffs' renewed motion for preliminary injunction notwithstanding the *Marland* injunction.

---

[2] If the Court is inclined to follow this approach, Plaintiffs request that the Court hold Plaintiffs' motion in abeyance pending further proceedings related to the existing nationwide preliminary injunction and grant Plaintiffs' motion if the *Marland* injunction is lifted, stayed, or otherwise modified to allow the Remaining Prohibitions to take effect.

DATED: November 6, 2020

Respectfully submitted,

    /s/ *John E. Hall*

Anders Linderot (Pro Hac Vice)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Telephone: +1 (212) 841-1000
Facsimile: + 1 (212) 841-1010
Email:  alinderot@cov.com

Mitchell A. Kamin (Pro Hac Vice)
COVINGTON & BURLING LLP
1999 Avenue of the Stars, Suite 3500
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email:  mkamin@cov.com

John E. Hall (D.C. Bar. No. 415364)
Beth S. Brinkmann (D.C. Bar. No. 477771)
Alexander A. Berengaut (D.C. Bar. No. 989222)
Megan A. Crowley (D.C. Bar. No. 1049027)
Megan C. Keenan (D.C. Bar. No. 1672508)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: +1 (202) 662-6000
Facsimile: + 1 (202) 778-6000
Email:  jhall@cov.com
         bbrinkmann@cov.com
         aberengaut@cov.com
         mcrowley@cov.com
         mkeenan@cov.com

*Attorneys for Plaintiffs*