# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIKTOK INC., *et al.*, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )    Civil Action No. 1:20-CV-2658-CJN <br> ) |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING LACK OF IRREPARABLE HARM DUE TO EXISTING NATIONWIDE INJUNCTION

Pursuant to the Court's Minute Order of Nov. 4, 2020, Defendants respectfully submit this supplemental memorandum explaining why, due to the existing nationwide injunction entered in *Marland v. Trump*, No. 2:20-cv-04597 (E.D. Pa.), Plaintiffs here cannot demonstrate the irreparable harm necessary for this Court to enter a duplicative preliminary injunction.

**1.** To obtain a preliminary injunction, a plaintiff must demonstrate irreparable harm absent the injunction. *See, e.g.*, *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) ("To warrant preliminary injunctive relief, the moving party must show . . . it would suffer irreparable injury if the injunction were not granted[.]"). Such irreparable harm must be proven through evidence. *See Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) ("Bare allegations of what is likely to occur are of no value since the court must decide whether the harm will *in fact* occur.").

Here, Plaintiffs cannot demonstrate irreparable harm because the existing nationwide injunction from the Eastern District of Pennsylvania already provides the exact same relief that Plaintiffs seek here—*i.e.*, an injunction against enforcement of the Secretary of Commerce's Prohibitions 2-5. *Compare Marland*, ECF No. 36 (enjoining the Government from enforcing the Commerce Identification, including Prohibitions 2-5), *with* Pls.' Renewed PI Mot. (ECF No. 43) at 1 (requesting "preliminary injunctive relief enjoining the implementation or enforcement of Prohibitions 2–5 on the list of prohibited transactions"). Because a separate court has already provided Plaintiffs with the exact same relief that they seek here, there is necessarily no irreparable harm warranting a duplicative preliminary injunction here.

Indeed, to the extent Plaintiffs contend that they are still suffering harm notwithstanding the injunction entered by the Eastern District of Pennsylvania, that only underscores why duplicative relief is inappropriate here. If one nationwide injunction is insufficient to redress

-1-

Plaintiffs' claimed harms, there is no reason to think that a second injunction would fare any better at redressing those harms. At a minimum, Plaintiffs have not submitted any evidence *proving* that an additional preliminary injunction here would have any meaningful effect.

To be sure, the Government is entitled to appeal the *Marland* preliminary injunction, *see* 28 U.S.C. § 1292(a)(1), and the Government may well do so if the Acting Solicitor General determines to authorize such an appeal, *see* 28 C.F.R. § 0.20(b). That the Government may appeal or seek a stay of that injunction does not change the analysis, however, because the question is whether Plaintiffs *at present* have established irreparable harm—not whether future contingencies may occur such that Plaintiffs may suffer irreparable harm. *See, e.g.*, *Winter v. NRDC*, 555 U.S. 7, 22 (2008) (courts should not "[i]ssu[e] a preliminary injunction based only on a *possibility* of irreparable harm" (emphasis added)); *Wisconsin Gas Co.*, 758 F.2d at 674. And if such a future contingency arose—for instance, if the Government were to appeal and the Third Circuit were to vacate that injunction—this Court and the parties here could react with dispatch if necessary, but with the benefit of a persuasive (even if not binding) court of appeals decision.

**2.** Consistent with the above principles, courts have frequently declined to enter preliminary injunctive relief when there is already a nationwide injunction affording the relief sought. As mentioned at the recent hearing, in the context of challenges to the President's order restricting entry of certain foreign nationals, several courts declined to consider additional requests for injunctive relief after nationwide injunctions had already been entered—notwithstanding pending appeals of those injunctions. *See, e.g.*, *Pars Equality Ctr. v. Trump*, No. 17-cv-255 (D.D.C.) (Chutkan, J.), ECF No. 84 at 2 (May 11, 2017) ("The existence of two other nationwide injunctions temporarily casts uncertainty on the issue of whether the harms Plaintiffs allege are actually imminent or certain."); *Int'l Refugee Assistance Project v. Trump*, 2017 WL 1315538,

at \*2 (D. Md. Apr. 10, 2017) ("[I]n light of the current nationwide injunction . . . by the United States District Court of the District of Hawaii, a stay would not impose any hardship on Plaintiffs or result in irreparable harm."); *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 853 (D. Hawaii 2017).

Likewise, in recent challenges to certain Postal Service actions, the District of Maryland denied duplicative relief "in the absence of any clear explanation from Plaintiffs regarding why the current injunctions imposed on Defendants are insufficient to address the harm." *Nat'l Urban League v. DeJoy*, No. 20-cv-2391, 2020 WL 6363959, at \*11 (D. Md. Oct. 29, 2020). And in recent litigation pertaining to construction of a physical barrier along the United States' southern border, a district court declined to provide injunctive relief that "was duplicative of the relief the district court had already granted" in a separate matter, and the Ninth Circuit held that the decision not to provide duplicative relief "was certainly not an abuse of discretion." *California v. Trump*, 963 F.3d 926, 949 (9th Cir. 2020). That was true even where the duplicative relief had later been stayed by a higher court. *See id.*

Of course, there are also cases where courts have continued to grant overlapping nationwide injunctions. But those cases fail to reconcile the relief entered with the aforementioned equitable principles. Indeed, the recent "explo[sion] in popularity" of nationwide injunctions—with the corresponding effect of "preventing legal questions from percolating through the federal courts"—only highlights why such nationwide injunctions are inappropriate in the first instance. *Trump v. Hawaii*, 138 S. Ct. 2392, 2425, 2429 (2018) (Thomas, J., concurring). But because the Court in *Marland* rejected those arguments and entered a nationwide injunction, Plaintiffs cannot show that they are facing immediate, certain irreparable harm, and thus there is no basis for entry of additional, duplicative injunctive relief. The Court can, and should, deny Plaintiffs' renewed motion for a preliminary injunction on this basis alone.

Dated: November 6, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

DIANE KELLEHER
Assistant Branch Director

*/s/ Daniel Schwei*
DANIEL SCHWEI
Special Counsel
SERENA M. ORLOFF
MICHAEL DREZNER
AMY E. POWELL
STUART J. ROBINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 305-8693
Fax: (202) 616-8470
E-mail: daniel.s.schwei@usdoj.gov

*Counsel for Defendants*