**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                            )
TIKTOK INC., *et al.*,                      )
                                            )
                    Plaintiffs,             )
                                            )
            v.                              )   Civil Action No. 1:20-CV-2658-CJN
                                            )
DONALD J. TRUMP, in his official capacity as)
President of the United States, *et al.*,   )
                                            )
                    Defendants.             )
_____)

**DEFENDANTS' MOTION TO STAY DEADLINE FOR RESPONDING TO COMPLAINT PENDING D.C. CIRCUIT APPEAL OF PRELIMINARY INJUNCTION**

Defendants respectfully request that this Court stay Defendants' deadline for responding to Plaintiffs' Complaint, pending the D.C. Circuit's decision in the appeal of the preliminary injunction previously entered in this matter. *See TikTok Inc. v. Trump*, No. 20-5302 (D.C. Cir.). That appeal is now fully briefed and scheduled for oral argument before the D.C. Circuit on December 14, 2020. *See* Order, *TikTok Inc. v. Trump*, No. 20-5302 (D.C. Cir. Oct. 16, 2020). Accordingly, Defendants' requested stay will be relatively brief in duration, and would ensure that this case proceeds in an orderly, efficient manner in this Court.

Pursuant to Local Civil Rule 7(m), undersigned counsel conferred with counsel for Plaintiffs regarding this motion. Plaintiffs' counsel requested that Plaintiffs' position be described as follows: "Given that the pending appeal pertains to only one of the Department of Commerce Prohibitions and only certain of the legal arguments, Plaintiffs do not believe it would be appropriate to stay Defendants' response deadline pending resolution of that appeal. Plaintiffs do not oppose extending Defendants' deadline, and have informed Defendants they would agree to

-1-

an extension until January 14, 2021, with a joint status report to be filed on January 7 to advise the Court on whether the parties believe a further extension is warranted."

## BACKGROUND

Plaintiffs filed this suit on September 18, 2020, challenging certain prohibitions on transactions supporting the mobile application TikTok's operations within the United States. *See* ECF No. 1. Plaintiffs moved for a preliminary injunction on September 23, 2020, *see* ECF No. 15, and on September 27, 2020, this Court entered a preliminary injunction against the first prohibition that was set to take effect later that night. *See* Order (ECF No. 29); Mem. Op. (ECF No. 30).

The United States appealed that preliminary injunction on October 8, 2020, *see* ECF No. 39, and sought expedited briefing before the D.C. Circuit. *See TikTok Inc. v. Trump*, No. 20-5302 (D.C. Cir.), Defs.' Emerg. Mot. to Expedite Br. Sched. (Oct. 8, 2020). Plaintiffs opposed that motion, arguing (among other things) that "there is no urgency to the government's appeal." *Id.*, Pls.' Opp. to Emerg. Mot. to Expedite Br. Sched. at 6 (Oct. 9, 2020). The D.C. Circuit granted the United States' request for expedited briefing, *see id.*, Order (Oct. 14, 2020), and pursuant to that expedited schedule the appeal was fully briefed as of November 12, 2020. The D.C. Circuit has now scheduled oral argument for December 14, 2020. *See id.*, Order (Oct. 16, 2020).

Before this Court, Plaintiffs filed a second motion for a preliminary injunction on October 14, 2020 as to the remaining prohibitions. *See* ECF No. 43. That motion is now fully briefed, and the Court held a hearing on the motion on November 4, 2020.[1]

---

[1] As the Court is aware, the remaining prohibitions were separately enjoined by a court in the Eastern District of Pennsylvania, *see Marland v. Trump*, No. 2:20-cv-4597-WB (E.D. Pa.), and the United States has appealed that decision. *See* ECF No. 55; *see also Marland*, ECF No. 38. The United States has sought expedited briefing of that appeal before the Third Circuit, requesting that the final brief be filed on January 29, 2021, and oral argument scheduled as soon as possible after the close of briefing. *See* Unopp. Mot. to Expedite Br. Sched., *Marland v. Trump*, No. 20-3322 (3d Cir. Nov. 17, 2020). The Third Circuit has not yet ruled on that motion.

Plaintiffs here served the Complaint on the U.S. Attorney's Office on September 22, 2020. *See* ECF No. 35. Pursuant to Fed. R. Civ. P. 12(a)(2), the United States' deadline for responding to Plaintiffs' Complaint is November 23, 2020.

**ARGUMENT**

For the reasons set forth below, the Government respectfully requests that the Court stay the Government's deadline for responding to the Complaint pending the D.C. Circuit's decision in the appeal of the preliminary injunction previously entered by this Court.

**I.     Courts Routinely Stay Proceedings Pending Resolution of Related Appeals**

A trial court has broad discretion to stay a case pending the outcome of proceedings in another court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Thus, "a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002) (modifications omitted, quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

Courts within this District routinely stay proceedings where resolution of an appeal may guide the district court in deciding the issues before it. *See, e.g.*, *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, No. 14-cv-1220, 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010). Courts routinely enter such stays even when the underlying case involves important issues

affecting national security. *See, e.g.*, Order, *Pars Equality Ctr. v. Trump*, No. 17-cv-255, ECF No. 91 at 2 (D.D.C. June 20, 2017) (Chutkan, J.) (concluding, in a case challenging the President's Executive Order restricting the entry of certain foreign nationals, that "a stay pending the result of the Supreme Court's decision is the most appropriate path for conserving the court's resources and adjudicating these cases in the most efficient manner possible"); *Washington v. Trump*, No. 17-cv-141, 2017 WL 2172020, at *5 (W.D. Wash. May 17, 2017) (staying a challenge to the President's Executive Order given pending appellate proceedings in a related challenge, because "[a]waiting the Ninth Circuit's opinion in that case will promote the orderly course of justice and judicial economy"); *cf. Hawai'i v. Trump*, 233 F. Supp. 3d 850, 856 (D. Haw. 2017).

## II. Staying the Government's Deadline for Responding to the Complaint Would Facilitate Judicial Economy, Promote Orderly Resolution of the Issues, and Would Be Relatively Short in Duration

As the above courts have recognized, it makes eminent sense for a district court to refrain from continuing with merits proceedings when some of the same legal issues will soon be addressed by a binding appellate court. Here, if the Government were to file a motion to dismiss (or any other type of merits-related motion) in response to Plaintiffs' Complaint, that motion would necessarily implicate at least some of the same legal issues currently pending before the D.C. Circuit—*i.e.*, the relationship between the challenged prohibitions and the statutory IEEPA exceptions set forth in 50 U.S.C. § 1702(b). That briefing process, and this Court's consideration of the motion, would itself be wasteful. *Cf. Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (granting a stay "[n]ot needing more lawyers to spend more time on more briefs on more subjects").

Moving forward with merits proceedings at this stage, while the D.C. Circuit appeal is pending, would virtually guarantee that this case unfolds in an inefficient manner for both the parties and the Court. Even if the parties were to fully brief a motion to dismiss (or any other

merits-related motions), and even if the Court were to decide any such motions, all of it would likely be for naught once the D.C. Circuit further defines the applicable legal landscape. The parties would then have to re-brief the issues—explaining what impact, if any, the D.C. Circuit's decision has on the Court's intervening rulings—and the Court would then need to re-evaluate those rulings to ensure consistency with the D.C. Circuit's decision. In contrast, postponing merits proceedings until after the D.C. Circuit issues its decision ensures that those merits proceedings are conducted in a streamlined manner—*i.e.*, with the benefit of any guidance from the appellate court. *Cf. Hawai'i*, 233 F. Supp. 3d at 855 ("Because many of the State's legal arguments . . . are presently before the Ninth Circuit, it makes little sense to expend the resources necessary for a full presentation of those same issues in this forum while awaiting guidance from the appellate court."); *Washington v. Trump*, No. 17-cv-141, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017) ("[T]he court finds that it would waste judicial resources to decide these issues here when guidance from the Ninth Circuit is likely to be available soon.").

It is true, as Plaintiffs note, that the current D.C. Circuit appeal involves only the first prohibition and only one of Plaintiffs' legal claims. But Plaintiffs themselves have characterized their legal claims against the first prohibition as being equivalent to their claims against the remaining prohibitions. *See, e.g.*, Tr. of Sept. 24 Status Conf. at 13 ("[T]he legal arguments that we would advance with respect to the App Store prohibition on Sunday night are the very same legal arguments we will be advancing with respect to the remainder of the prohibitions."); Pls.' 2d PI Mot. (ECF No. 43-1) at 1 (arguing that the Court's "ruling that the first Prohibition exceeds the limits of executive authority under IEEPA is 'equally as applicable' to the Remaining Prohibitions"). And even if the D.C. Circuit appeal does not conclusively resolve *all* of Plaintiffs' claims in this case, that does not mean that a stay is inappropriate, as the Supreme Court itself has

confirmed.  *See Landis*, 299 U.S. at 256 ("True, a decision in the cause then pending in New York may not settle every question of fact and law in suits by other companies, but in all likelihood it will settle many and simplify them all.").  The D.C. Circuit's decision here is likely to "settle many" and "simplify" at least some of the legal issues in this case, even if it does not conclusively resolve all of Plaintiffs' claims.

Indeed, the fact that further merits proceedings would require this Court to address a broader range of issues actually counsels in *favor* of a stay.  Plaintiffs have alleged a broad range of claims, including constitutional claims under the First Amendment, the Fifth Amendment's Due Process Clause, the Non-Delegation Doctrine, and the Fifth Amendment's Takings Clause.  *See* Compl. (ECF No. 1) ¶¶ 80-141.  Unlike the preliminary-injunction motion (which could be resolved solely on statutory grounds), a motion to dismiss would require this Court to decide the viability of *all* of Plaintiffs' claims.  Such an approach would be contrary to the general rule that courts should avoid opining on constitutional issues unless absolutely necessary.  *See generally Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 346-48 (1936) (Brandeis, J., concurring).  Postponing merits proceedings could avoid the need for this Court to ever confront those issues if the D.C. Circuit's decision conclusively resolved certain legal issues one way or other.  Moreover, a stay would provide additional time for the separate proceedings related to the President's August 14, 2020 Order concerning TikTok to unfold.  *See* ECF Nos. 54, 56 (notices describing Plaintiffs' filing of a separate legal challenge to the President's August 14 Order, and an extension of the deadline set forth in that Order); *cf. IBT/HERE Emps. Representatives' Council v. Gate Gourmet Div. of Am.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (granting a stay when a separate proceeding "may affect the parties' understanding of the scope of this case going forward, may

reorient the parties' arguments, may catalyze a settlement of this matter, . . . or may resolve the issues raised in this lawsuit in their entirety").

Finally, the Government's requested stay would be relatively brief in duration. The D.C. Circuit appeal is proceeding on an expedited basis; briefing has already concluded; and oral argument is now scheduled for December 14, 2020. Thus, the requested stay would likely be a matter of only a few months. This short stay is quite reasonable to ensure that further merits proceedings in this case unfold in an orderly, efficient manner. *See Hawai'i*, 233 F. Supp. 3d at 854 ("[T]he expedited timeline of appellate proceedings that has already been on display . . . indicates that any delay in this case pending resolution of that appeal will be reasonable in length. And if that does not turn out to be the case, any party may petition the Court to lift or partially lift the stay for good cause[.]"); *see also Washington*, 2017 WL 2172020, at *4.

Accordingly, the Government respectfully requests that this Court stay the Government's deadline for responding to the Complaint pending the D.C. Circuit's decision in the appeal of the preliminary injunction previously entered by this Court. The Government further respectfully submits that the parties should be directed to file, within fourteen days of the D.C. Circuit's decision, a joint status report setting forth their position(s) on appropriate next steps in this case.

### III. At a Minimum, the Court Should Extend the Government's Deadline Commensurate with Plaintiffs' Agreed-Upon Extension

As noted above, after meeting and conferring with counsel for Plaintiffs regarding this motion, Plaintiffs' counsel requested that Plaintiffs' position be described as follows: "Given that the pending appeal pertains to only one of the Department of Commerce Prohibitions and only certain of the legal arguments, Plaintiffs do not believe it would be appropriate to stay Defendants' response deadline pending resolution of that appeal. Plaintiffs do not oppose extending Defendants' deadline, and have informed Defendants they would agree to an extension until

January 14, 2021, with a joint status report to be filed on January 7 to advise the Court on whether the parties believe a further extension is warranted."

For all the reasons set forth above, the Government believes that a stay pending the D.C. Circuit's decision is preferable. In particular, given that oral argument is scheduled for December 14, 2020—and given the several holidays occurring shortly afterwards—it is quite possible (if not likely) that the D.C. Circuit will not have issued its decision prior to January 7, 2021, in which case the parties will again be in the same position as today. Thus, the Government respectfully submits it is more efficient simply to stay the deadline pending the D.C. Circuit's decision, rather than order a series of status reports on different dates. To the extent the Court has concerns about staying merits proceedings pending the D.C. Circuit's decision, however, the Government respectfully suggests that, at a minimum, the Court should extend the deadline commensurate with Plaintiffs' proposal set forth above.

## CONCLUSION

The Court should stay the Government's deadline for responding to the Complaint pending the D.C. Circuit's decision in the appeal of the preliminary injunction previously entered in this case, and should direct the parties to file, within fourteen days of the D.C. Circuit's decision, a joint status report setting forth their position(s) on appropriate next steps in this case.

Dated: November 23, 2020                Respectfully submitted,

                                        JEFFREY BOSSERT CLARK
                                        Acting Assistant Attorney General

                                        JOHN V. COGHLAN
                                        Deputy Assistant Attorney General

                                        ALEXANDER K. HAAS
                                        Branch Director

DIANE KELLEHER
Assistant Branch Director

*/s/ Daniel Schwei*
DANIEL SCHWEI
Special Counsel
SERENA M. ORLOFF
MICHAEL DREZNER
AMY E. POWELL
STUART J. ROBINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Ben Franklin Station, P.O. Box No. 883
Washington, DC 20044
Phone: (202) 305-8693
Fax: (202) 616-8470
E-mail: daniel.s.schwei@usdoj.gov

*Counsel for Defendants*