# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIKTOK INC., et al., | |
| *Plaintiffs*, | |
| v. | Case No. 20-cv-02658 (CJN) |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| *Defendants*. | |

## JOINT STATUS REPORT

Pursuant to the Court's December 7, 2020 Order (ECF No. 59), the parties have met and conferred regarding a schedule for further proceedings in this action, and hereby submit this joint status report.

Plaintiffs' preference would be for the parties to proceed to file cross-motions for summary judgment. Defendants, however, do not believe that proceeding to summary judgment is appropriate at this time for four reasons:

*First*, Defendants believe it would be premature, inefficient, and a waste of the parties' and the Court's resources to brief summary judgment motions until the D.C. Circuit resolves Defendants' appeal of the first preliminary injunction entered in this case. As discussed more fully in Defendants' motion to stay, *see* ECF No. 57, the D.C. Circuit's forthcoming decision in that appeal will almost certainly inform this Court's view of the merits of this case. Once the D.C. Circuit issues its decision, any merits-related briefing by the parties or decisions by this Court in the interim would need to be re-evaluated to ensure compliance with the D.C. Circuit's decision. The D.C. Circuit appeal was granted expedition, has been fully briefed, oral argument was held on

December 14, 2020, and the Court has now submitted the case for decision. Thus, the timeline for the D.C. Circuit's decision is presumably relatively soon, and Plaintiffs cannot identify any cognizable prejudice associated with a short delay of merits proceedings to await the D.C. Circuit's decision.

*Second*, Defendants believe that continuing with merits proceedings—in particular summary judgment proceedings—would threaten to frustrate the D.C. Circuit's ability to decide the current appeal already pending before it, as well as any potential appeal of this Court's more recent preliminary injunction, ECF Nos. 59, 60.[1] If this Court were to proceed with summary-judgment proceedings and then enter final judgment, that could render moot either the current preliminary-injunction appeal and/or a subsequent appeal. *Cf. Cont'l Training Servs., Inc. v. Cavazos*, 893 F.2d 877, 880 (7th Cir. 1990) ("[W]here a permanent injunction has been granted that supersedes the original preliminary injunction, 'the interlocutory injunction becomes merged in the final decree,' and the appeal from the interlocutory preliminary order is properly dismissed." (quoting *Smith v. Illinois Bell Tel. Co.*, 270 U.S. 587, 588 (1926), modifications omitted)). Accordingly, proceeding with summary judgment could frustrate the D.C. Circuit's ongoing appeal and/or potential subsequent appeal, and threaten to deprive Defendants of their entitlement under 28 U.S.C. § 1292(a) to obtain timely appellate review of preliminary injunctive relief.

*Third*, Defendants believe it would be premature to brief summary judgment motions until the disputes between the parties as to the appropriate scope of the factual record in this case are resolved. Defendants' position is that this Court's review of Plaintiffs' claims should be limited to the certified Administrative Record. Plaintiffs, however, have submitted substantial extra-

---

[1] Pursuant to 28 C.F.R. § 0.20(b), the decision whether to appeal is vested in the Solicitor General. The Department of Justice is in the process of determining whether to appeal this second preliminary injunction.

record evidence in the form of declarations, including two purported expert declarations.  *See* ECF Nos. 15-2, 15-3, 15-4, 15-5, 43-2, 43-3, 43-4, 43-5, 43-6.  Although Plaintiffs submitted these declarations at the preliminary-injunction stage, Plaintiffs have stated that, as of now, they intend to rely on at least some of these materials at summary judgment as well.  Before summary-judgment briefing is appropriate, then, Defendants believe that, first, the parties would need to litigate whether Plaintiffs are permitted to rely on any of these extra-record materials; and then second, depending on the Court's ruling on that issue—*i.e.*, if the Court were to allow Plaintiffs to rely on declaration testimony from these individuals at summary judgment—Defendants would need to determine whether any discovery (*e.g.*, depositions of the declarants) is necessary in order to fully oppose summary judgment.  Again, litigating these ancillary issues about the status of the record would be a substantial expenditure of the Court's and the parties' time and resources, which is why Defendants believe a stay of further merits proceedings here is the more appropriate course.

*Fourth*, Defendants believe it would be premature to brief summary judgment motions until Defendants have filed their responsive pleading and, if that pleading is a motion, until the Court has resolved that motion.  Plaintiffs' Complaint contains seven different claims, *see* Compl. (ECF No. 1) ¶¶ 80-141, at least some of which Defendants believe are plainly meritless and likely to be dismissed pursuant to Fed. R. Civ. P. 12(b).  Accordingly, to the extent the Court believes that any further merits proceedings in this case are appropriate, the appropriate next step would be motion to dismiss briefing, which at a minimum would help refine and clarify the number of claims and issues, if any, that remain to be decided during potential summary-judgment proceedings.

Plaintiffs disagree with Defendants that summary judgment is premature at this stage, particularly because Defendants' pending appeal pertains only to the Court's first preliminary injunction decision and certain of the claims and legal arguments Plaintiffs have raised in this

Court.  Given that Defendants apparently plan to file a motion to dismiss, however, Plaintiffs believe that it would be most efficient for the Court and the parties to simultaneously brief Defendants' motion to dismiss—currently due to be filed on January 14, 2021—and summary judgment.  *See, e.g.*, *Am. Hosp. Assn. v. Dept. of Health and Human Services*, CV 18-2112 (JDB), 2018 WL 5777397, at *3 (D.D.C. Nov. 2, 2018) ("The Court finds that it is in the interest of the sound administration of judicial—and the parties'—resources to proceed with one combined briefing schedule for plaintiffs' summary judgment motion and any motion to dismiss or cross-motion for summary judgment the government may file.").  Plaintiffs proposed that the parties meet and confer, ahead of the January 14 deadline, in an effort to eliminate or narrow disputes regarding the appropriate scope of the record so that summary judgment could be briefed at the same time that Defendants move to dismiss.

Subject to and without waiving any arguments as to Defendants' position above—*i.e.*, that it is premature and inefficient for either party to move forward with summary judgment—Defendants are not opposed to continuing to meet-and-confer with Plaintiffs regarding (1) what specific extra-record evidence Plaintiffs intend to rely on during summary-judgment proceedings, and (2) whether, in light of those discussions, the parties can reach agreement on how this case might unfold in an efficient manner.  At a minimum, those discussions would likely assist in sharpening any disputes regarding the record such that any disputes could, if necessary, be presented to the Court in a concrete manner.  To provide a modest amount of additional time for this meet-and-confer to occur—and in light of the intervening holidays—Defendants believe it would be appropriate to further extend Defendants' responsive pleading deadline until January 19, 2021, with another joint status report due to be filed on January 12, 2021, regarding whether the parties can reach agreement on a schedule for further proceedings in this case.

Plaintiffs are willing to consent to a further extension of Defendants' responsive pleading deadline.  Such an extension would afford the parties additional time to meet and confer in an effort to eliminate or narrow disputes regarding the appropriate scope of the record before dispositive motions are filed.

Accordingly, to enable the parties to continue to meet and confer in an effort to eliminate or narrow disputes regarding the appropriate scope of the record in advance of the filing of dispositive motions, the parties propose that the deadline for Defendants' responsive pleading be continued until January 19, 2021, with a joint status report to be filed on January 12, 2021.

DATED: December 18, 2020                    Respectfully submitted,


JEFFREY BOSSERT CLARK                       _/s/ John E. Hall_____
Acting Assistant Attorney General
                                            John E. Hall (D.C. Bar. No. 415364)
JOHN V. COGHLAN                             Beth S. Brinkmann (D.C. Bar. No. 477771)
Deputy Assistant Attorney General           Alexander A. Berengaut (D.C. Bar. No. 989222)
                                            Megan A. Crowley (D.C. Bar. No. 1049027)
ALEXANDER K. HAAS                           Megan C. Keenan (D.C. Bar. No. 1672508)
Branch Director                             COVINGTON & BURLING LLP
                                            One CityCenter
DIANE KELLEHER                              850 Tenth Street, NW
Assistant Branch Director                   Washington, DC 20001
                                            Telephone: +1 (202) 662-6000
/s/  Daniel Schwei_____               Facsimile: + 1 (202) 778-6000
DANIEL SCHWEI                               Email:  jhall@cov.com
Special Counsel                                      bbrinkmann@cov.com
SERENA M. ORLOFF                                     aberengaut@cov.com
MICHAEL DREZNER                                      mcrowley@cov.com
AMY E. POWELL                                        mkeenan@cov.com
STUART J. ROBINSON
Trial Attorneys                             Mitchell A. Kamin (Pro Hac Vice)
United States Department of Justice         COVINGTON & BURLING LLP
Civil Division, Federal Programs Branch     1999 Avenue of the Stars, Suite 3500
Ben Franklin Station, P.O. Box No. 883      Los Angeles, California 90067-4643
Washington, DC 20044                        Telephone: + 1 (424) 332-4800

Phone: (202) 305-8693
Fax: (202) 616-8470
E-mail: daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

Facsimile: + 1 (424) 332-4749
Email:  mkamin@cov.com

Anders Linderot (Pro Hac Vice)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Telephone: +1 (212) 841-1000
Facsimile: + 1 (212) 841-1010
Email:  alinderot@cov.com

*Attorneys for Plaintiffs*