IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIKTOK INC., et al.,<br><br>　　　　　*Plaintiffs*,<br><br>　　v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, et al.,<br><br>　　　　　*Defendants*. | Case No. 20-cv-02658 (CJN) |

**JOINT STATUS REPORT**

　　Pursuant to the Court's April 15, 2021 Minute Order, the parties have met and conferred regarding whether recent developments have narrowed or eliminated any of the issues raised in this case, and hereby submit this joint status report.

　　Defendants state that, as discussed in the prior joint status reports, *see* ECF Nos. 65-66, the Department of Commerce undertook a comprehensive review of the Secretary's prohibitions regarding the TikTok mobile application at issue in this case. Additionally, the Biden Administration reviewed the Executive Order underlying the Secretary's prohibitions. *See* Exec. Order No. 13942, *Addressing the Threat Posed by TikTok, and Taking Additional Steps to Address the National Emergency with Respect to the Information and Communications Technology and Services Supply Chain* (Aug. 6, 2020).

　　Based on those reviews, earlier this week the President issued a new Executive Order. *See* Exec. Order No. 14034, *Protecting United States Persons' Sensitive Data from Foreign Adversaries* (June 9, 2021), available at https://www.whitehouse.gov/briefing-room/presidential-actions/2021/06/09/executive-order-on-protecting-americans-sensitive-data-from-foreign-

adversaries/.  Among other things, this new Executive Order established processes for evaluating, and taking appropriate action, with respect to certain risks posed by connected software applications.  *See id.* § 2(b)-(d).  Without prejudice to any potential future actions, the new Executive Order revoked the prior Executive Order pertaining to TikTok.  *See id.* § 1 (revoking Exec. Order. No. 13942).  The new Executive Order further directed that all Executive Branch agencies "shall promptly take steps to rescind any orders, rules, regulations, guidelines, or policies . . . implementing or enforcing" that prior Executive Order.  *Id.* § 2(a).

The Department of Commerce has acknowledged issuance of the new Executive Order, and is in the process of taking steps to implement the new Executive Order.  *See* Dep't of Commerce, ICT Supply Chain, *available at* https://www.commerce.gov/issues/ict-supply-chain (last accessed June 11, 2021) (discussing the new Executive Order and stating that "the Secretary of Commerce is preparing prompt and appropriate action to rescind the prohibitions implemented under" the now-revoked Executive Order pertaining to TikTok).  In Defendants' view, these actions affect whether a live controversy remains in this case.

Previously, the Government filed motions to hold in abeyance both the ongoing appeals before the D.C. Circuit of the preliminary injunctions previously entered by this Court.  *See TikTok Inc. v. Biden*, No. 20-5302 (D.C. Cir.); *TikTok Inc. v. Biden*, No. 20-5381 (D.C. Cir.).  Those motions were unopposed by Plaintiffs, and the D.C. Circuit granted both motions.  Based on the facts set forth above, the Government intends to request that the appeals continue to be held in abeyance, with any motion governing any further appellate proceedings to be filed within 30 days.

For the same reasons, Defendants' position is that it likewise makes sense to stay further proceedings before this Court based on the above developments.  Plaintiffs agree that, so long as the D.C. Circuit appeals are held in abeyance, district court proceedings should also be held in

abeyance. Accordingly, the parties jointly propose that the pending deadlines in this matter be stayed, with a further joint status report due in 30 days, *i.e.*, on July 12, 2021.

DATED: June 11, 2021                                Respectfully submitted,

                                                       */s/ John E. Hall*

| | |
|---|---|
| BRIAN M. BOYNTON | John E. Hall (D.C. Bar. No. 415364) |
| Acting Assistant Attorney General | Beth S. Brinkmann (D.C. Bar. No. 477771) |
| | Alexander A. Berengaut (D.C. Bar. No. 989222) |
| ALEXANDER K. HAAS | Megan A. Crowley (D.C. Bar. No. 1049027) |
| Branch Director | Megan C. Keenan (D.C. Bar. No. 1672508) |
| | COVINGTON & BURLING LLP |
| */s/ Daniel Schwei* | One CityCenter |
| DANIEL SCHWEI | 850 Tenth Street, NW |
| Special Counsel | Washington, DC 20001 |
| SERENA M. ORLOFF | Telephone: +1 (202) 662-6000 |
| MICHAEL DREZNER | Facsimile: + 1 (202) 778-6000 |
| AMY E. POWELL | Email:  jhall@cov.com |
| STUART J. ROBINSON | bbrinkmann@cov.com |
| Trial Attorneys | aberengaut@cov.com |
| United States Department of Justice | mcrowley@cov.com |
| Civil Division, Federal Programs Branch | mkeenan@cov.com |
| Ben Franklin Station, P.O. Box No. 883 | |
| Washington, DC 20044 | Mitchell A. Kamin (Pro Hac Vice) |
| | COVINGTON & BURLING LLP |
| | 1999 Avenue of the Stars, Suite 3500 |
| | Los Angeles, California 90067-4643 |
| | Telephone: + 1 (424) 332-4800 |
| | Facsimile: + 1 (424) 332-4749 |
| | Email:  mkamin@cov.com |
| | |
| | Anders Linderot (Pro Hac Vice) |
| | COVINGTON & BURLING LLP |
| | The New York Times Building |
| | 620 Eighth Avenue |
| | New York, New York 10018-1405 |
| | Telephone: +1 (212) 841-1000 |
| | Facsimile: +1 (212) 841-1010 |
| | Email:  alinderot@cov.com |
| | |
| | *Attorneys for Plaintiffs* |